## MARIE JARVIS AND ANOTHER v. GEORGE BERKNER AND ANOTHER.[1]

July 5, 1929.

No. 27,273.

*Somsen, Dempsey & Flor* and *Albert Hauser,* for appellants.
*Streissguth & Fordyce,* for respondents.

HILTON, J.

Defendant George Berkner appeals from an order denying his motion for judgment notwithstanding the verdict or for a new trial.

[1]Reported in 226 N. W. 409.

Defendant Edward F. Berkner appeals from an order denying his motion for a new trial.

Action to recover damages for fraud in the exchange of properties. Plaintiffs were and had been for many years the owners of a 240-acre farm in Pipestone county upon which there was a mortgage of $1,200 and an unpaid balance of a ditch tax of $2,387. The property received by plaintiffs in exchange for the farm was a hotel in Lake-field, Minnesota (subject to a mortgage of $10,000) and $2,100 in cash. Within a few days after the transaction was completed, a mortgage for $4,800 was placed on the farm and the title to it transferred to a third party, thus preventing a successful suit for rescission. The jury gave plaintiffs a verdict for $25,000, which the court reduced to $19,500.

This is primarily a fact case. Even a condensed recital of the voluminous evidence presented at the trial would serve no useful purpose for either the litigants or the profession at large. 1 Dunnell, Minn. Dig. (2 ed.) § 415a. Most of the 44 assignments of error have to do with the rulings of the court on the admission or rejection of evidence and on the charge of the court to the jury, including failure to comply with requests of the defendants to charge. In the absence of error in the rulings of the court on the admission and exclusion of evidence or in its charge, the verdict of the jury, which has the approval of the trial court, must stand if there is evidence sufficiently supporting it. 5 Dunnell, Minn. Dig. (2 ed.) §§ 7142, 7154.

Direct and irreconcilable conflict existed in the evidence on important features of the case. There was evidence warranting the jury in finding that one Harrington represented and was the agent of the defendants and made false and fraudulent, material misrepresentations to the plaintiffs during the negotiation and completion of the transaction, which were believed and wholly relied and acted upon by plaintiffs without negligence on their part, to their damage. The jury was also warranted in concluding that both defendants were responsible for the acts and misrepresentations of Harrington. The same is true as to the conduct and statements of Edward F.

Berkner being binding on George Berkner. The charge must be considered in its entirety and not by an examination of portions thereof by themselves.

So considered, the issues were properly and fairly presented to the jury for decision, and the law governing them was clearly and correctly given. We have carefully and painstakingly examined the record and given attention to all assignments of error and can find no prejudicial error requiring a reversal.

There was evidence as to the values of the respective properties exchanged, which if believed by the jury warranted the amount of the verdict. An abundance existed to sustain the amount as reduced by the court. There is nothing in the conduct of the trial to indicate that the verdict might have been influenced by prejudice or passion.

Order affirmed.